IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VERONICA L. GIBSON,**

       **Plaintiff,**

**vs.**                                                                                     **No. CIV 04-1012 LCS**

**JOANNE BARNHART, Commissioner**
**of Social Security,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Alter or Amend Judgment [Docket #14], filed July 7, 2005.  The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c) and having considered the Motion, briefs and applicable law, finds that this Motion is not well-taken and should be **DENIED**.

On June 27, 2005, this Court entered its Memorandum Opinion and Order remanding the matter to the Commissioner for consideration of whether Plaintiff's diagnosis of hepatitis should have any impact on the ALJ's disability finding.  Defendant raises two objections to the Court's determination.  Defendant first argues that the ALJ did fully and fairly develop the record and had no duty to consider the diagnosis of hepatitis.  Defendant also argues that, even assuming the ALJ did fail to develop the record, such failure did not prejudice Plaintiff and, as such, is not a cause for remand.

The Commissioner urges the Court to find that, because Plaintiff did not specifically complain to the ALJ of problems related to her hepatitis, the ALJ was under no duty to consider this condition.  Defendant is correct in asserting that the ALJ's duty to investigate is focused by

Plaintiff's alleged impairments, *Musgrave v. Sullivan*, 966 F.2d 1371, 1375 (10th Cir. 1992), and that the proper focus of the ALJ's investigation should be the Plaintiff's functional limitations, rather than her diagnoses. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988).

However, I do not agree that Plaintiff's failure to cite hepatitis as a limitation during the hearing relieved the ALJ from the duty to consider the potential impact of this condition. As stated in the Memorandum Opinion [Docket #12], the Court was chiefly concerned that the ALJ did not fulfill his heightened duty to develop the record, given that Ms. Gibson was unrepresented at the hearing. "Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca v. Dep't of Health & Human Svcs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). This duty is especially strong in the case of an unrepresented claimant. *See Musgrave*, 966 F.2d at 1374.

In a similar case involving an unrepresented claimant, the Tenth Circuit remanded the matter to the Commissioner due to the ALJ's failure to consider a diagnosis of depression. *Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996). The Tenth Court noted that, while the claimant's application did not allege disability due to depression, the existence of the diagnosis of depression required the ALJ to develop the record concerning that diagnosis. *Id.* at 1022; *see also Hill v. Sullivan*, 924 F.2d 972, 974-75 (10th Cir. 1991).

Further, as previously mentioned, I am concerned that the ALJ did not give any consideration to the diagnosis of hepatitis. Although the ALJ is not required to discuss all the evidence, the record must demonstrate that he considered all the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). In addition to discussing the evidence supporting his

decision, the ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Grogan v. Barnhart*, 399 F.3d 1257, 1266 (10th Cir. 2005)(quoting *Clifton*, 79 F.3d at 1010).  In my view, the duty to develop the record is further heightened when the impairment in question may qualify as a listed impairment.[1]

Defendant further argues that a reversal based upon a failure to develop the record is only warranted where such failure to unfair or prejudicial.  *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).  As already discussed, this is not the rule in the Tenth Circuit and remand is warranted if it is not clear the ALJ considered all the evidence, regardless of whether or not such evidence would have altered the result.  *See Grogan*, 399 F.3d at 1266.  Defendant's argument that reversal is not warranted because Plaintiff has failed to show prejudice must be rejected.

It is required and must be apparent to the Court that the ALJ considered all of the evidence even in cases where the claimant was represented at the hearing.  *Id*.  In the present case, the ALJ was under a heightened duty to develop the record, because Ms. Gibson was unrepresented at the hearing.  *Musgrave*, 966 F.2d at 1374.  Because it is not clear that the ALJ gave any consideration to the diagnosis of hepatitis and because the ALJ had a greater duty to develop the record in this case, the Court has determined that its Memorandum Opinion remanding this matter to the Commissioner was not based on a misinterpretation of law.  As such, Defendant's Motion to Alter or Amend Judgment will be **DENIED**.

---

[1] *See* 20 C.F.R. Pt. 220, App. 1, § 5.05.  The listing for chronic liver disease can be met by showing the presence of chronic active hepatitis coupled with other complications.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**